IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SAMUEL ARKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0240 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS AS MOOT

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner SAMUEL ARKINS. By his application, petitioner raises two (2) claims challenging the result of a disciplinary proceeding which took place on February 12, 2004 and resulted in petitioner being assessed punishment which included the loss of three hundred sixty five (365) days previously accrued good time credits. Respondent has filed an answer alleging petitioner's claims have not been properly exhausted through the prison administrative grievance procedure, that petitioner has procedurally defaulted on his claims, and that, nonetheless, petitioner's claims were without merit.

On November 10, 2005, the Court received correspondence from petitioner wherein he advised the Court he was "soon to discharge on 11-11-05," and provided the Court with a change

of address indicating petitioner would be residing in Dallas, Texas. Inquiry to the Texas Department of Criminal Justice, Correctional Institutions Division, reveals petitioner was released from confinement to mandatory supervision on November 10, 2005.

Petitioner's release from confinement renders the instant habeas application moot. Petitioner challenges only the disciplinary proceeding in this action and the resulting loss of good time credits. Consequently, the only relief available to petitioner if successful in this matter was the restoration of the good time credits forfeited by the disciplinary action. As petitioner has been released to mandatory supervision and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release to mandatory supervision, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement and that such petition should be dismissed.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner SAMUEL ARKINS be DISMISSED as moot.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient

means available.

       IT IS SO RECOMMENDED.

       ENTERED this 27th day of March 2006.

                                  CLINTON E. AVERITTE
                                  UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

       Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

       Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).